IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONNIE LEE MOORE                                                                                     PLAINTIFF

v.                                Civil No. 6:19-CV-06145

C J SAVAGE (Investigator, Group 6 Drug
Task Force Narcotics Team), NEVADA
COUNTY, AR (Malvern Group 6 Narcotics
Team), ROY BETHAM (Lt., Group 6)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

      Currently before the Court is Plaintiff's failure to obey two Court Orders and to prosecute this case.

**I.  BACKGROUND**

      Plaintiff filed his Complaint on November 21, 2019. (ECF No. 1). On December 20, 2019, the Court entered Orders directing Plaintiff to file a completed *in forma pauperis* application and an Amended Complaint by January 10, 2020. (ECF No's. 5, 6). In both Orders, Plaintiff was advised that his case would be subject to dismissal if he failed to submit the required documents by the deadline. (*Id*.). In the IFP Order, Plaintiff was advised that failure to inform the Court of any address change within 30 days of that change would render his case subject to dismissal. (ECF No. 5).

On January 8, 2019, mail sent to Plaintiff was returned as undeliverable, and the deadline for him to inform the Court of his new address was set for February 7, 2020. (ECF No. 7). To date, Plaintiff has failed to inform the Court of his new address and has not otherwise communicated with the Court.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local

Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of February 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD